IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CV-122-D

| | | |
|---|---|---|
| TINA MANNING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARTIN COUNTY, | ) | |
| NORTH CAROLINA, | ) | |
| | ) | |
| Defendant. | ) | |

On July 23, 2021, plaintiffs filed suit against Martin County, North Carolina ("the County" or "defendant") in Martin County Superior Court, alleging breach of contract, violation of the Contracts Clause of the United States Constitution, takings and due process claims under the North Carolina Constitution, and claims under 42 U.S.C. § 1983 for due process and Takings Clause violations [D.E. 1-2]. On August 23, 2021, the County removed the case to this court [D.E. 1]. On August 30, 2021, the County answered the complaint [D.E. 7]. On December 17, 2021, plaintiffs moved for a preliminary injunction [D.E. 22] and filed a memorandum in support [D.E. 23]. On January 7, 2022, the County responded in opposition [D.E. 25]. As explained below, the court denies the motion.

A preliminary injunction "is an extraordinary remedy." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 24 (2008). The party seeking a preliminary injunction must "demonstrate that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm, (3) the balance of hardships tips in their favor, and (4) the injunction is in the public interest." Pashby v. Delia, 709 F.3d 307, 320 (4th Cir. 2013); see Winter, 555 U.S. at 20. Courts consider each factor separately, and each factor must be "satisfied as articulated." Pashby, 709 F.3d at 320–21.

Plaintiffs have not satisfied the first element of the Winter analysis because they have not made "a clear showing that they are likely to succeed at trial." Pashby, 709 F.3d at 321 (quotation omitted). Plaintiffs claims rely on the existence of a contractual relationship between plaintiffs and Martin County. See [D.E. 25] 4; see also U.S. Trust Co. of N.Y. v. New Jersey, 431 U.S. 1, 17, 19 n.16 (1977); Bailey v. State, 348 N.C. 130, 141, 500 S.E.2d 54, 60 (1998); Adams v. State, 248 N.C. App. 463, 469–70, 790 S.E.2d 339, 344 (2016). Plaintiffs argue that the provisions in the County's personnel policy manual granting retirement health care benefits to certain employees create a contractual relationship between plaintiffs and the County. See [D.E. 23] 4–8.

Under both federal and North Carolina law, courts presume that statutes are "not intended to create private contractual or vested rights but merely declare[] a policy to be pursued until the legislature shall ordain otherwise." NCAE v. State, 368 N.C. 777, 786, 786 S.E.2d 255, 262 (2016) (quotation omitted); see Nat'l R.R. Passenger Corp. v. Atchison Topeka & Santa Fe Ry., 470 U.S. 451, 465–66 (1985). The legislative body must provide a clear indication of contractual intent. See Nat'l R.R. Passenger Corp., 470 U.S. at 466–67 (requiring "an adequate expression of an actual intent of the [government] to bind itself" (quotation omitted)); NCAE, 368 N.C. at 787, 786 S.E.2d at 263 (requiring "explicit indications of legislative intent"). North Carolina courts have determined a contractual relationship exists once certain employment benefits vest based on a theory that those benefits constitute deferred compensation. See, e.g., Bailey, 348 N.C. at 141–42, 500 S.E.2d at 60–61; Lake v. State Health Plan for Teachers, 264 N.C. App. 174, 181, 825 S.E.2d 645, 651 (2019), appeal pending, 861 S.E.2d 335 (2021). However, the North Carolina Court of Appeals has "decline[d] to extend contractual rights based upon a notion of deferred compensation to require Defendants to provide static and non-contributory health care insurance benefits." Lake, 264 N.C. App. at 182, 825 S.E.2d at 652; cf. Atlantic Coast Line R. v. Phillips, 332 U.S. 168, 170 (1947).

2

Unlike a retirement pension plan, "the level of retirement health care benefits is not dependent upon an employee's position, retirement plan, salary, or length of service." Lake, 264 N.C. App. at 182, 825 S.E.2d at 652 (emphasis added).

The retirement health care benefits at issue appear to fall within Lake. The availability of such benefits is determined by the employees' length of service and position, but the level of those benefits is generally equal across employees and does not depend on the employees' "position, retirement plan, salary, or length of service." Id. at 182, 825 S.E.2d at 652; see [D.E. 1-2] ¶¶ 12–14; Martin Cnty. Policy [D.E. 22-1] 16–18.[1] Moreover, the Martin County Personnel Policy on which plaintiffs rely contains no clear indications of an intent to be contractually bound with respect to retirement health care benefits. At this early stage in the litigation, the document appears only "to declare[] a policy to be pursued until the legislature shall ordain otherwise." NCAE, 368 N.C. at 786, 786 S.E.2d at 262 (quotation omitted). Because plaintiffs appear unlikely to demonstrate that a contractual relationship exists between plaintiffs and Martin County concerning retirement healthcare benefits, plaintiffs have not made "a clear showing" they are likely to succeed on the merits of their claims. Pashby, 709 F.3d at 321 (quotation omitted). Moreover, plaintiffs also have failed to show the remaining three factors. See id. at 320.

In sum, the court DENIES plaintiffs' motion for a preliminary injunction [D.E. 22].

SO ORDERED. This 27 day of January, 2022.

JAMES C. DEVER III
United States District Judge

---

[1] There are differences in plans for employees who are retiring with a job-related disability. See Martin Cnty. Policy at 17–18.

3